UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT HEARD, | ) |
|       Plaintiff, | ) Case: 1:17-cv-00469 |
|       v. | ) Assigned To : Unassigned |
| | ) Assign. Date : 3/14/2017 |
| U.S. ATTORNEY GENERAL SESSIONS, | ) Description: Pro Se Gen. Civ.  **(F-DECK)** |
|       Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. According to plaintiff, defendant breached his duty to defend the Constitution of the United States, *see* Compl. at 1 (page numbers designated by the Court), and he demands "an investigation into the paperwork of the U.S. Attorney General's Office, the U.S. Attorney's Office in the N.D. of Ga., the U.S. District Courts of Gainesville, Atlanta [and] Valdosta Divisions . . . and then [he] want[s] prosecution," *id.* at 2.

The plaintiff essentially demands mandamus relief, but "a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). Furthermore, the decision to investigate a particular matter or to prosecute a case are left to the Executive Branch of the government, not the judiciary. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (noting that "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion"); *United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case").

The Court will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

DATE:  3/3/17

_____
United States District Judge